IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LEORIS PAYTON** | ) | Case No. |
| 150 Township Road 1202 | ) | |
| Chesapeake, OH 45619-8063 | ) | |
| | ) | Judge: |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CLASS ACTION COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE CONSUMER SALES** |
| **DEBT RELIEF ADVOCATES, LLC** | ) | **PRACTICE ACT, R.C. §1345 AND CREDIT** |
| c/o CT Corporation System | ) | **SERVICES ORGANIZATION ACT, R.C.** |
| 1999 Bryan St., Ste. 900 | ) | **§4712** |
| Dallas, TX 75201-3140 | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND ENDORSED HEREON** |

Now comes Plaintiff Leoris Payton, by and through counsel, individually and on behalf of all homeowners similarly situated, and for her complaint against Defendant Debt Relief Advocates, LLC ("DRA") hereby states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is an Ohio resident who owns real property in Lawrence County.

2. Defendant DRA is a debt settlement and renegotiation provider located in Plano, Texas.

3. DRA contacts consumers to provide debt renegotiation services and promises an opportunity to reduce consumers' debt balances. DRA contacted Plaintiff offering an opportunity to enter into a debt mediation plan.

4. This Court has jurisdiction and venue over DRA because all or part of Plaintiff's claims for relief against DRA arose in Lawrence County.

1

**STATEMENT OF FACTS**

5. Plaintiff restates and incorporates by reference paragraphs 1-5 as if fully stated herein.

6. Plaintiff is unaware of owing any debts except ordinary monthly expenses like utilities that she pays as they are due.

7. DRA mailed letters inviting Ms. Payton to renegotiate non-existent debt and made multiple phone calls suggesting she do the same thing to the Plaintiff at her home. The letters were titled "Activation Notice" with the subject "Re: Your Renegotiated Credit Card Balance Activation". The letters urged the addressee to call DRA's Activation Department to immediately activate a debt mediation plan. *See DRA Letters, a copy of which is attached hereto as Exhibit A*.

8. The letters state that the debt mediation plan will reduce the addressee's debt balances to less than what the addressee owes. The letters claim to extend an open enrollment program to the addressee.

9. The letters fail to list a specific creditor and use generic terms such as "Creditor Balances," "Credit Card Balance," and "Debt Balances."

10. The fine print of the letters states, "This is an attempt to facilitate a renegotiation of debts directly with creditors including credit cards and other unsecured loans." The fine print also states that the information used in DRA's offer was obtained from public sources.

11. Plaintiff does not owe the debt obligation that DRA offered to renegotiate, or any debt obligation for that matter.

12. DRA continued to send debt renegotiation letters and make phone calls to Plaintiff, despite Plaintiff expressing to DRA that DRA was attempting to renegotiate a debt obligation that did not exist.

13. DRA engaged in similar practices and procedures to renegotiate alleged debt obligations, as documented by the 31 "Advertising / Sales Issues" complaints that were filed to the Better Business Bureau ("BBB") and DRA's Yelp reviews. *See BBB Complaints, a copy of which is attached hereto as Exhibit B.  See DRA's Yelp Reviews, a copy of which is attached hereto as Exhibit C.*

14. DRA engaged in similar practices and procedures to renegotiate alleged debt obligations, as documented the Ohio Attorney General ("OAG") has received three complaints where DRA contacted consumers and attempted to renegotiate debt obligations that did not exist.  *See OAG Complaints, a copy of which is attached hereto as Exhibit D.*

### CLASS ACTION ALLEGATIONS

15. Plaintiff restates and incorporates by reference paragraphs 1-14 as if fully stated herein.

16. Plaintiff brings all claims as class claims pursuant to Civ. R. 23.

17. The class consists of all Ohio consumers who received misleading debt renegotiation letters from DRA.

18. At this time Plaintiff does not know the size of the class, but believes the potential class members are so numerous that joinder would be impracticable. The number of class members can be determined through discovery.

19. There are questions of law and fact common to the proposed class, including:

    a. Whether DRA violated the Ohio Consumer Sales Practices Act in its dealings with Ohio consumers.

    b. Whether DRA violated the Ohio Credit Services Organization Act in its dealings with Ohio consumers.

    c. Whether any benefit received by the consumers after payment to DRA.

    d. Whether or not DRA made false representations about services provided by DRA.

20. Plaintiff's claims are typical of the class.

21. Plaintiff will adequately represent the interests of the class and does not have adverse interests to the class. Plaintiff's counsel has experience litigating consumer class actions.

22. This action may be maintained as a class action under Civ. R. 23(B)(3) because common questions predominate and make a class action the superior method of adjudication.

## COUNT ONE:
## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
## (O.R.C. §1345.01, et. seq.)

23. Plaintiff restates and incorporates by reference paragraphs 1-22 as if fully stated herein.

24. DRA is a supplier as defined by R.C. §1345.01(C) because DRA engages in the business of effecting or soliciting consumer transactions.

25. Plaintiff is a consumer as defined by R.C. §1345.01(D) because she was offered a service primarily for personal, family, or household use from DRA.

26. DRA's offer of services to renegotiate Plaintiff's debt balance was a consumer transaction as defined by R.C. §1345.01(A) because it was primarily for personal, family, or household use.

27. DRA violated R.C. §1345.02 and committed an unfair or deceptive act or practice in connection with a consumer transaction because DRA offered debt mediation services when DRA knew that Plaintiff did not owe an debt obligation and Plaintiff had an inability to receive a substantial benefit from DRA's services.

28. DRA behaved deceptively towards Plaintiff because DRA represented that its services had characteristics that they did not have when DRA falsely claimed that its services could reduce a debt obligation that did not exist.

29. DRA behaved deceptively towards Plaintiff because DRA represented that its debt renegotiation services were available to the Plaintiff for a reason that did not exist, specifically offering a debt mediation plan to reduce a debt obligation that Plaintiff did not owe.

30. DRA behaved deceptively towards Plaintiff because DRA represented that its services were supplied in accordance with a previous representation that did not exist, specifically by suggesting that DRA was providing debt relief services in connection with credit card companies.

31. DRA behaved deceptively towards Plaintiff because DRA represented that a specific price advantage exists that did not exist.

32. DRA behaved deceptively towards Plaintiff because DRA represented that it had sponsorship, approval, or affiliation with Plaintiff's credit card company when it did not.

33. DRA behaved deceptively towards Plaintiff because DRA represented that Plaintiff owed a debt obligation that she did not owe.

34. DRA violated R.C. §1345.03(A) and committed an unconscionable act or practice in connection with a consumer transaction because DRA offered debt renegotiation services when DRA knew that Plaintiff did not owe an obligation and Plaintiff had an inability to receive a substantial benefit.

35. DRA violated O.A.C. 109:4-3-03(B)(2) and engaged in an deceptive act or practice in connection with a consumer transaction because the first contact DRA had with the Plaintiff was secured by DRA through deception when DRA sent a misleading debt renegotiation letter to Plaintiff.

36. DRA violated O.A.C. 109:4-3-10(A) and engaged in an deceptive act or practice in connection with a consumer transaction because DRA made representations, claims, or assertions of fact about the status of consumers' debt balances which would cause a reasonable consumer to believe such statements were true. DRA's repeated calls and letters, along with written language urging Plaintiff to call immediately was aimed at convincing Plaintiff that statements about her debt obligation were true.

37. DRA violated O.A.C. 109:4-3-11(A) and behaved deceptively toward Plaintiff because DRA represented that its representatives had authority to negotiate the final terms of a potential debt obligation when DRA had no such authority.

38. Plaintiff and class members suffered injury proximately caused by DRA's misconduct.

39. Plaintiff and class members are entitled to treble damages and non-economic damages including damages for mental anguish. These violations are known violations of the Ohio Consumer Sales Practices Act and therefore entitle Plaintiff and class members to reasonable attorneys' fees and costs.

**COUNT TWO:**
**VIOLATIONS OF THE CREDIT SERVICES ORGANIZATION ACT**
**(O.R.C. §4712.01, et. seq.)**

40. Plaintiff restates and incorporates by reference paragraphs 1-39 as if fully stated herein.

41. DRA is a credit services organization as defined by R.C. §4712.01 because DRA, in return for payment, engages in the business of representing to buyers that it can provide advice or assistance in connection with a buyer's credit record, history, or rating.

42. Plaintiff is a buyer as defined by R.C. §4712.01 because Plaintiff was solicited by DRA to enter into a debt mediation plan.

43. DRA violated R.C. §4712.07(D) when DRA, when attempting to sell its services, made or used a false or misleading representation in its offer of services, including direct or indirect engagement in an unconscionable, unfair, or deceptive act or practice in connection with its offer of a debt mediation plan.

44. DRA violated R.C. §4712.07(G) because it failed to maintain a statutory agent as required under R.C. §4712.02(E). A search using the Ohio Secretary of State's Business Filing Portal does not return any filings for DRA.

45. DRA violated R.C. §4712.07(L) because DRA directed or indirectly engaged in a fraudulent or deceptive act, practice, or course of business in connection with the offer of debt renegotiation services.

46. DRA violated R.C. §4712.08(C) because DRA engaged in conduct that constitutes improper, fraudulent, or dishonest dealings in the conduct of its business, specifically misrepresenting Plaintiff's debt obligation through numerous letters and phone calls.

47. DRA violations of R.C. §§ 4712.07 and 4712.08 are deemed by R.C. §4712.11 to be unfair or deceptive acts or practices of the Ohio Consumer Sales Practices Act, R.C. §1345.02.

WHEREFORE, Plaintiff Leoris Payton, on behalf of themselves and all others similarly situated, pray for the following relief:

A. Statutory and compensatory damages under the Ohio Consumer Sales Practices Act;

B. Statutory and compensatory damages under the Ohio Credit Services Organization Act;

C. Treble damages as to Count One;

D. Any and all attorney fees and costs;

E. Punitive damages;

F. An order certifying the proposed Class and appointing Plaintiff and her counsel of record to represent the proposed Class; and

G. Any other relief this Court deems just and equitable.

Respectfully submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Grace M. Doberdruk (0085547)
The Dann Law Firm
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com
Attorneys for Plaintiff Leoris Payton

**JURY DEMAND**

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Grace M. Doberdruk (0085547)

9